IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
UNITED STATES OF AMERICA,      )
                               )
          v.                   )    Criminal No.
                               )
JACK THOMAS,                   )    Count One:  18 U.S.C. § 1341
                               )    (Mail Fraud)
          Defendant.           )
_____)
```

### INFORMATION

The United States of America informs the Court that:

### COUNT ONE
### Mail Fraud
### 18 U.S.C. § 1341

At all relevant times to this Information:

1. From July 19, 2003 through February 1, 2004, Defendant JACK THOMAS served as the Campaign Manager for a federally registered fund-raising campaign committee ("the Committee"), which raised money for a candidate for the United States House of Representatives ("the Candidate").

2. The Committee, as required by the Federal Election Campaign Act of 1971, filed periodic reports of its financial and fund-raising activity with the Federal Election Commission ("FEC").  2 U.S.C. § 434.

3. In his capacity as Campaign Manager, Defendant JACK THOMAS supervised the day-to-day operation of the Committee's activities and its employees.  Further, Defendant JACK THOMAS was ultimately responsible for the Committee's finances,

including collecting and recording political contributions to the committee, depositing the funds in the appropriate bank accounts, accounting for funds received by the committee, tracking all disbursements from the committee, and reporting this information to the FEC in accordance with its rules and regulations.

4. Defendant JACK THOMAS hired his wife ("the Spouse") and his brother-in-law ("the Brother") to work for the Committee.

5. The Committee's disbursement procedures permitted authorized employees to incur nominal campaign related expenditures but any expenditure of more than a nominal value required the Candidate's approval.

6. Any check drawn on the Committee's bank accounts for more than $1,000 required two signatures, one of which had to be the Candidate's.

7. The Committee's disbursement procedures prohibited all Committee employees from obtaining a bank debit card on the Committee's bank account.

8. Defendant JACK THOMAS secretly had a bank debit card issued in the Committee's name that withdrew funds from the Committee's bank account when the card was charged. Defendant JACK THOMAS appointed himself signatory authority for the card.

9. From in or about September 2003 up to and including February 2004, Defendant JACK THOMAS drew checks on the Committee's bank account, totaling approximately $24,200, naming

himself as the payee.  These payments were not authorized by the Candidate, members of the campaign or the Committee and were concealed and not reported to the FEC on the pertinent forms that Defendant JACK THOMAS prepared as required by law.  Defendant JACK THOMAS deposited these checks into his and his Spouse's bank account and then used these funds for his personal benefit.

    10.  From in or about December 2003 up to and including January 2004, Defendant JACK THOMAS drew checks on the Committee's bank account, totaling approximately $4,310, naming his Spouse as the payee.  These payments were not authorized by the Candidate, members of the campaign or the Committee and were concealed and not reported to the FEC on the pertinent forms that Defendant JACK THOMAS prepared.  Defendant JACK THOMAS deposited these checks into his and his Spouse's bank account and then used these funds for his personal benefit.

    11.  From in or about December 2003 up to and including January 2004, Defendant JACK THOMAS drew checks on the Committee's bank account, totaling approximately $6,345, naming his Brother as the payee.  These payments were not authorized by the Candidate, members of the campaign or the Committee and were concealed and not reported to the FEC on the pertinent forms that Defendant JACK THOMAS prepared.

12.  Defendant JACK THOMAS signed all of the unauthorized checks in his capacity as Campaign Manager.  On most of these checks, in order to ensure that the bank would honor them, Defendant JACK THOMAS forged the Candidate's signature.

13.  From in or about January 2004 up to and including February 2004, Defendant JACK THOMAS made purchases on the Committee's debit bank card, totaling approximately $6,072.96.  These charges were not authorized by the Candidate, members of the campaign or the Committee and were not reported to the FEC on the pertinent forms that Defendant JACK THOMAS prepared as required by law.

### The Scheme

14.  From in or about July 2003 up to and including February 2004, in the District of Columbia and elsewhere, defendant JACK THOMAS devised and intended to devise a scheme and artifice to defraud the Committee, and to obtain its money and property by means of materially false and fraudulent pretenses, representations and promises.

### Manner and Means of the Scheme

16.  Defendant JACK THOMAS carried out this fraudulent scheme and artifice in the particular ways, among others, set forth in paragraphs 8 through 13 of this Information.

**Use of the Mails in Execution of the Scheme**

  17. For the purpose of executing and attempting to execute the scheme and artifice to defraud, in the District of Columbia and elsewhere, on or about the dates listed below, Defendant JACK THOMAS knowingly caused to be placed in a post office and authorized depository for mail to be sent and delivered by the Postal Service and took and received therefrom, the matters and things listed below:

    a. In or about October 2003, from the Committee's office in Georgia Defendant JACK THOMAS sent the October Quarterly FEC Report of Receipts and Disbursements delineating the Committee's expenditures by U.S. Mail to the FEC in the District of Columbia.

    b. In or about January 2004, from the Committee's office in Georgia Defendant JACK THOMAS sent the Amended October Quarterly FEC Report of Receipts and Disbursements delineating the Committee's expenditures by U.S. Mail to the FEC in the District of Columbia.

    c. In or about January 2004, from the Committee's office in Georgia Defendant JACK THOMAS sent the Year-End FEC Report of Receipts and Disbursements delineating the Committee's expenditures by U.S. Mail to the FEC in the District of Columbia.

(All in violation of Title 18, United States Code, Section 1341.)

DATED: _____, 2005, at Washington, DC.

    FOR THE UNITED STATES

    NOEL L. HILLMAN
    Chief, Public Integrity Section

By: _____
    JAMES A. CROWELL IV
    Trial Attorney
    U.S. Department of Justice
    Criminal Division
    Public Integrity Section
    1400 New York Ave., NW
    Washington, DC 20005
    (202) 514-1412
    james.crowell@usdoj.gov