```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      )
                               )
          v.                   )   Criminal No.
                               )
JACK THOMAS,                   )   Count One:  18 U.S.C. § 1341
                               )   (Mail Fraud)
     Defendant.                )
_____)
```

## FACTUAL BASIS FOR PLEA

The United States of America, by and through its undersigned attorneys within the United States Department of Justice, Criminal Division, Public Integrity Section, and the Defendant, JACK THOMAS, personally and through his undersigned counsel, hereby stipulate to the following facts pursuant to United States Sentencing Guidelines § 6A1.1 and Rule 32(C)(1) of the Federal Rules of Criminal Procedure, that beginning in or about July 19, 2003 and continuing until approximately February 1, 2004, in the District of Columbia and elsewhere:

    1.   Defendant JACK THOMAS served as the Campaign Manager for the Robert Lamutt for Congress Committee, a federally registered fund-raising campaign committee ("the Committee"), which raised money to support the candidacy of Robert Lamutt for the United States House of Representatives in the 6th District of Georgia ("the Candidate").

2. The Committee, as required by the Federal Election Campaign Act of 1971, filed periodic reports of its financial and fundraising activity with the Federal Election Commission ("FEC"). 2 U.S.C. § 434.

3. In his capacity as Campaign Manager, Defendant JACK THOMAS supervised the day-to-day operation of the Committee's activities and its employees. Further, Defendant JACK THOMAS was ultimately responsible for the Committee's finances, including collecting and recording political contributions to the committee, depositing the funds in the appropriate bank accounts, accounting for funds received by the committee, tracking all disbursements from the committee, and reporting this information to the FEC in accordance with its rules and regulations.

4. Defendant JACK THOMAS hired his wife ("the Spouse") and his brother-in-law ("the Brother") to work for the Committee.

5. The Committee's disbursement procedures permitted authorized employees to incur nominal campaign related expenditures but any expenditure of more than a nominal value required the Candidate's approval.

6. Any check drawn on the Committee's bank accounts for more than $1,000 required two signatures, one of which had to be the Candidate's.

7.  The Committee's disbursement procedures prohibited all Committee employees from obtaining a bank debit card on the Committee's bank account.

8.  Defendant JACK THOMAS secretly had a bank debit card issued in the Committee's name that withdrew funds from the Committee's bank account when the card was charged. Defendant JACK THOMAS appointed himself signatory authority for the card.

9.  From in or about September 2003 up to and including February 2004, Defendant JACK THOMAS drew checks on the Committee's bank account, totaling approximately $24,200, naming himself as the payee. These payments were not authorized by the Candidate, members of the campaign or the Committee and were not reported to the FEC on the pertinent forms that Defendant JACK THOMAS prepared as required by law. Defendant JACK THOMAS deposited these checks into his and his Spouse's bank account and then used these funds for his personal benefit.

10. From in or about December 2003 up to and including January 2004, Defendant JACK THOMAS drew checks on the Committee's bank account, totaling approximately $4,310, naming his Spouse as the payee. These payments were not authorized by the Candidate, members of the campaign or the Committee and were concealed and not reported to the FEC on the pertinent forms that Defendant JACK THOMAS prepared. Defendant JACK THOMAS deposited

these checks into his and his Spouse's bank account and then used these funds for his personal benefit.

11.   From in or about December 2003 up to and including January 2004, Defendant JACK THOMAS drew checks on the Committee's bank account, totaling approximately $6,345, naming his Brother as the payee.  These payments were not authorized by the Candidate, members of the campaign or the Committee and were concealed and not reported to the FEC on the pertinent forms that Defendant JACK THOMAS prepared.

12.   Defendant JACK THOMAS signed all of the unauthorized checks in his capacity as Campaign Manager.  On most of these checks, in order to ensure that the bank would honor them, Defendant JACK THOMAS forged the Candidate's signature.

13.   From in or about January 2004 up to and including February 2004, Defendant JACK THOMAS made purchases on the Committee's debit bank card, totaling approximately $6,072.96.  These charges were concealed and not authorized by the Candidate, members of the campaign or the Committee and were not reported to the FEC on the pertinent forms that Defendant JACK THOMAS prepared as required by law.

14.   In his efforts to further his fraud scheme, Defendant JACK THOMAS made telephone calls, sent letters, and transmitted e-mails from Georgia to the District of Columbia, including, among others:

      a.   In or about October 2003, from the Committee's office in Georgia Defendant JACK THOMAS sent the October Quarterly FEC Report of Receipts and Disbursements delineating the Committee's expenditures by U.S. Mail to the FEC in the District of Columbia.

      b.   In or about January 2004, from the Committee's office in Georgia Defendant JACK THOMAS sent the Amended October Quarterly FEC Report of Receipts and Disbursements delineating the Committee's expenditures by U.S. Mail to the FEC in the District of Columbia.

      c.   In or about January 2004, from the Committee's office in Georgia Defendant JACK THOMAS sent the Year-End FEC Report of Receipts and Disbursements delineating the Committee's expenditures by U.S. Mail to the FEC in the District of Columbia.

Dated: October ___, 2005.

| FOR THE Defendant | FOR THE UNITED STATES |
|---|---|
| _____<br>JACK THOMAS<br>Defendant | NOEL L. HILLMAN<br>Chief<br>Public Integrity Section |
| _____<br>DANI C. JAHN<br>Assistant Federal Public<br>Defender<br>Federal Public Defender<br>  for the District of Columbia<br>625 Indiana Ave. NW, Suite 550<br>Washington, DC. 20004<br>(202)208-7500 | By: _____<br>JAMES A. CROWELL IV<br>Trial Attorney<br>U.S. Department of Justice<br>Criminal Division<br>Public Integrity Section<br>1400 New York Ave., NW<br>Bond Building<br>Washington, DC 20005<br>(202) 514-1412 |

James.crowell@usdoj.gov

NLH:SMG:JAC:bdd
Typed: 7/21/05
Records    Section chron.
Crowell           ACTS#


NLH:SMG:JAC:bdd
Typed: 7/21/05
Records    Section chron.
Crowell           ACTS#


NLH:SMG:JAC:bdd
Typed: 7/21/05
Records    Section chron.
Crowell           ACTS#

6