UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-423 (RMU) |
| | : | |
| JACK THOMAS, | : | |
| | : | |
| Defendant. | : | |

### SENTENCING MEMORANDUM

Defendant, Jack Thomas, through undersigned counsel, respectfully submits this memorandum, with an attached exhibit, in aid of his sentencing. He will appear before this Honorable Court for sentencing on October 26, 2006.

### BACKGROUND

On January 24, 2006, Mr. Thomas pled guilty to a one-count Information charging him with Mail Fraud, in violation of 18 U.S.C. § 1341. Pursuant to the plea agreement, the government agreed to a two-level reduction for acceptance of responsibility, pursuant to § 3E1.1. Further, Mr. Thomas has agreed to pay an order of restitution in the amount of $40,927.26.

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 12 to 18 months within Zone D. See PSR, ¶ 54, pg. 11. There are no disputes to this calculation, however, Mr. Thomas submits that the factors identified in 18 U.S.C. § 3553(a) support his request that he be sentenced to a term of probation.

### ARGUMENT

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in

18 U.S.C. § 3553(a) support Mr. Thomas's request that he be sentenced to a term of probation. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of probation would be warranted in this matter, and that a sentence of imprisonment within the Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2).

**I.     Factors of Mr. Thomas that the Court Should Consider under § 3553(a)(1)**

    *I.     Characteristics of the Defendant*

Mr. Thomas is a 41-year-old man who has been a lifelong resident of the state of Georgia. Mr. Thomas's military service, education, and employment history tells an important, but incomplete, story. The fact that Mr. Thomas has no criminal history speaks volumes with respect to his character. Throughout his life, Mr. Thomas has tried to do the right thing–serving his country in the Navy, serving the state of Georgia with his employment as an emergency medical technician (EMT) for over 22 years, and his commitment to his family which include his wife, son, grandmother, granddaughter, and step-children.  Even in the instant case, while he made a very significant mistake, Mr. Thomas admitted having done so, waived his right to an indictment, his right to file any pre-trial motions, accepted responsibility very early on, and pled guilty in a timely fashion.

Mr. Thomas is not someone in need of incarceration as a means of rehabilitation.  A sentence of incarceration would serve only to disrupt the rehabilitative efforts Mr. Thomas has made and set him back with respect to the real debt he owes to his family and society.  Further, Mr. Thomas is not someone who requires incarceration for purposes of deterrence.

As evidenced by the attached exhibit,[1] Mr. Thomas has significant family responsibilities. Several family members, a co-worker, and friend appear on the attached exhibit which will further indicate to the Court that Mr. Thomas is a very committed man in providing for his family and his community.

> III.    *Sentencing Mr. Thomas to a Sentence of Incarceration would be Unduly Punitive and Would Have a Significant Impact on the Need to Provide Restitution*

The Court should consider the sum of restitution in this case, $40,927.26. If Mr. Thomas is given a term of incarceration he will be unable to provide restitution in a timely fashion - if at all. The need to provide restitution to the victim in this case shall be considered by this Court pursuant to § 3553 (a)(7) in determining an appropriate sentence for Mr. Thomas.

The imposition of a sentence of imprisonment in the instant case would serve no purpose other than punishment. A sentence of imprisonment on him would prove more detrimental to his character than rehabilitative or instructive. Punishment is indeed one of the purposes of sentencing, but the detrimental impact to his family would be devastating. Conditions of probation will be imposed and his liberty will be restricted which will serve–in Mr. Thomas's case–as adequate punishment.

Sentencing Mr. Thomas to a term of probation is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Thomas

---

[1] Attached as an exhibit to this memorandum is a sentencing video. The video is relevant to the "history and characteristics" of Mr. Thomas. 18 U.S.C. § 3553(a)(1). With the Court's permission, undersigned counsel intends on playing the video at Mr. Thomas' sentencing hearing if the Court is unable to view it beforehand. The running time of the video is approximately thirty minutes. A copy of this video has also been served upon counsel for the government and probation.

with needed educational or vocational training and medical care" while also allowing Mr. Thomas to repay the victim in this case for his wrongdoing.  See 18 U.S.C. § 3553(a).

## **CONCLUSION**

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. Thomas respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.

_____Respectfully submitted,


\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C.  20004
(202) 208-7500